# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00153-CV

---

**Gary Wayne Inmon, Appellant**

**v.**

**Christine Ann DeArmond, Appellee**

---

**FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
NO. C2020-0052B
THE HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Gary Wayne Inmon filed a notice of appeal, seeking to appeal three trial-court orders: (1) Order of Enforcement by Contempt and Suspension of Commitment dated February 15, 2024 ("Contempt Order"); (2) Order for Forfeiture of Bond dated February 15, 2024 ("Bond-Forfeiture Order"); and (3) Order dated February 15, 2024 ("Additional Attorneys' Fees Order"). After Inmon filed his notice of appeal, this Court granted his emergency motion requesting that we stay the trial court's Bond-Forfeiture Order and temporarily stayed the Bond-Forfeiture Order, pending further order of this Court; we also requested a response from appellee Christine Ann DeArmond.

Subsequently, in an original proceeding filed separately, Docket No. 03-24-00175-CV, *In re Gary Inmon*, Inmon filed a petition for habeas corpus, and on rehearing, an

amended petition for habeas corpus, both of which sought to stay the trial court's enforcement of the Contempt Order.[1]  In connection with Inmon's habeas petitions, this Court temporarily stayed the Contempt Order, which had ordered Inmon to surrender himself to the Comal County Sheriff on March 17, 2024.  The Court later denied his petition and lifted its stay of the Contempt Order.  Inmon then filed in this appeal an opposed motion for emergency stay of the Contempt Order's enforcement "based upon the temporary stay being lifted by [this] Court," which the Court denied.

In our October 28, 2024 order denying Inmon's motion to stay the Contempt Order, we informed him that upon review of the now-complete appellate record, it appears that none of the orders identified in the notice of appeal appear to be appealable orders.  This Court lacks jurisdiction over appeals from contempt judgments.  *See Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied) ("A contempt judgment is reviewable only via a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved).").  Decisions in contempt proceedings cannot be reviewed on appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable.  *Id.*  Both the Bond-Forfeiture Order and the Additional Attorneys' Fees Order are ancillary to the Contempt Order and are not independently appealable orders.  For that reason, we lifted our stay of the Bond-Forfeiture Order in our October 28, 2024 order.

---

[1] Inmon subsequently filed two more habeas petitions, Docket No. 03-24-00714-CV, and Docket No. 03-24-00753-CV.  The Court denied his petition in Docket No. 03-24-00714-CV on November 13, 2024.  The Court denied Inmon's petition in Docket No. 03-24-00753-CV on November 22, 2024.

We also requested that Inmon file a response on or before November 7, 2024, explaining how this Court may exercise jurisdiction over this appeal. To date, no response has been filed. Accordingly, for the reasons explained above, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Dismissed for Want of Jurisdiction

Filed: November 22, 2024